UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| v. | * | SECTION: "D"(1) |
| **RYAN HARRIS,** *et al.* | * | |
| | * * * | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION FOR PRETRIAL HEARING, ADVANCE PROFFER, AND RULING ON THE ADMISSIBILITY OF COCONSPIRATOR STATEMENTS**

The United States of America, through the undersigned attorneys, hereby opposes the motion for pretrial hearing, advance proffer, and ruling on the admissibility of coconspirator statements by defendants Jason F. Giles and The King Firm, LLC. *See* Rec. Doc. 280. Giles and The King Firm's motion should be denied because holding an unnecessary and time-consuming pretrial hearing is impractical and wasteful because it would require the Court to hear much of the trial evidence twice.

**FACTS AND PROCEDURAL BACKGROUND**

Giles and his codefendants are charged with participating in a years-long scheme to intentionally stage automobile collisions and file fraudulent insurance claims and lawsuits based on the staged collisions. *See* Rec. Doc. 256 (Second Superseding Indictment). Among the individuals involved in the staged collisions were multiple "slammers" who crashed automobiles into 18-wheeler tractor-trailers and directed passengers in staged collisions to certain attorneys and law firms to file fraudulent lawsuits. Rec. Doc. 256, p. 4. Cornelius Garrison was a slammer who directed passengers to Giles, The King Firm, Vanessa Motta, Motta Law, LLC, and others. Rec. Doc. 256, p. 6.  Giles also paid slammers Damian Labeaud and Roderick Hickman to bring

staged collisions to The King Firm, and he conspired with attorney Danny Patrick Keating, among others. *See* Rec. Doc. 256, pp. 2-6.

In December 2024, a federal grand jury in the Eastern District of Louisiana charged Giles, The King Firm, and others with, among other things, conspiracy to commit mail and wire fraud related to the staged collision scheme. Rec. Doc. 78. In April 2025, the grand jury charged Giles, The King Firm, and their codefendants in a second superseding indictment. Rec. Doc. 256. Trial is currently scheduled to begin on September 8, 2025. Rec. Doc. 208.

In May 2025, Giles and The King Firm filed the instant motion for a pretrial hearing, advance proffer, and ruling on the admissibility of coconspirator statements. *See* Rec. Doc. 280. The government opposes the motion for the reasons below.

## **LAW & ARGUMENT**

Under a long-recognized exception to the hearsay rule, "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy" is not hearsay. Fed. R. Evid. 801(d)(2)(E). In *United States v. James*, the Fifth Circuit held that coconspirators' statements are admissible under the hearsay exception in Rule 801(d)(2)(E) only if substantial independent evidence of a conspiracy exists. 590 F.2d 575, 581 (5th Cir. 1991). The Fifth Circuit then discussed procedures a district court may use to determine whether the predicate elements exist to admit the statements. *Id.* "A *James* hearing, conducted outside the presence of the jury, is one potential method by which the district court may ensure the government can satisfy the predicate facts needed to prove the conspiracy independent the statements." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (citing *James*, 590 F.2d at 581).

The Fifth Circuit has "approved district courts' practice of carrying a *James* motion through trial or at least through presentation of the government's case until a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made." *United States v. Fragoso*, 978 F.2d 896, 900 (5th Cir. 1992) (citation omitted). In *Fragoso*, the Fifth Circuit affirmed the district court's denial of the defendant's request for a *James* hearing and held that no hearing was required, and the district court was free to allow admission of the testimony before making its determination of whether the testimony fit within Rule 801(d)(2)(E). Although the district court did not make specific findings regarding the existence of the conspiracy, "[i]n denying the defendant's motion for directed verdict of acquittal at the close of the trial, the court implicitly found the evidence sufficient to establish a conspiracy." *Fragoso*, 978 at 901. The Fifth Circuit thus approved the deferral of a *James* ruling until the close of the government's case. *Id.* at 899-900.

The defendants' motion requesting a *James* hearing should be denied because this Court can review challenges to the admission of coconspirator statements after hearing the evidence at trial. The defendants allege that a pretrial hearing will promote conservation of judicial resources and would prevent a mistrial and the waste of time, energy, and efficiency. *See* Rec Doc. 280, p. 3. However, district courts in this circuit routinely deny requests for pretrial *James* hearings because they would be unnecessary and time-consuming mini-trials. *See United States v. Fatty*, No. 17-161, 2018 WL 2219387, at *2 (E.D. La. May 15, 2018) (Africk, J.) ("[T]he Court declines defendant's request for a *James* hearing. Often, such a hearing is impractical and wasteful, as it would require the Court to hear much of the trial evidence twice.") (quotation marks omitted); *United States v. Stroud*, No. 3:19-CR-00439-X, 2022 WL 1063029, at *2 (N.D. Tex. Apr. 8, 2022) ("The government opposes the motions on the grounds that a *James* hearing

3

would result in a separate mini trial prior to the jury trial. The Court agrees and denies the defendants' motions."); *United States v. Fleifel*, No. 3:12-CR-318-D(3), 2014 WL 6633049 (N.D. Tex. Nov. 24, 2014) ("The government is not obligated in a conspiracy case involving Rule 801(d)(2)(E) evidence to participate in a form of elaborate pretrial discovery conducted under the guise of requiring that it satisfy the predicate facts needed to prove the admissibility of coconspirator statements."); *United States v. Roberts*, No. 4:20-cr-00314, 2022 WL 17834053, at *6 (E.D. Tex. Dec. 21, 2022) ("A *James* hearing here would effectively require the Court to conduct a mini-trial of potentially considerable length and to hear much of the evidence twice, which would be both wasteful and unnecessary.") (quotation marks omitted); *United States v. Dahab*, No. 1:08cr29-HSO-JMR, 2008 WL 2061149, at *2 (S.D. Miss. May 8, 2008) ("The Court notes that deferring a *James* motion is particularly appropriate in cases in which holding a pretrial hearing would, in effect, result in trying the case twice and wasting valuable judicial resources and time.") (quotation marks omitted).

      Accordingly, this Court should not hold an unnecessary and time-consuming pretrial hearing but should instead wait until trial when "a determination of the existence of the Rule 801(d)(2)(E) predicate facts can be appropriately made." *See Fragoso*, 978 F.2d at 900. The defendants' request for a pretrial *James* hearing should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny the defendants' motion for pretrial hearing, advance proffer, and ruling on the admissibility of coconspirator statements.

Respectfully submitted,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY

/s/ *Matthew R. Payne*
MATTHEW R. PAYNE
BRIAN M. KLEBBA
MARY KATHERINE KAUFMAN
Assistant United States Attorneys
J. RYAN McLAREN
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Matthew R. Payne*
MATTHEW R. PAYNE
Assistant United States Attorney