UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 24-105 |
| | * | |
| v. | * | |
| | * | |
| RYAN J. HARRIS | * | SECTION "D" (1) |
|    a/k/a "Red" | * | (Counts 1 through 8) |
| SEAN D. ALFORTISH | * | |
| VANESSA MOTTA | * | |
| MOTTA LAW, LLC. | * | |
| JASON F. GILES AND | * | |
| THE KING FIRM, LLC | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANTS JASON GILES AND THE KING FIRM'S
MOTION TO DISMISS COUNT 1(D), PARAGRAPH 8 (TO THE EXTENT IT
ALLEGES A CONSPIRACY TO UTILIZE "RUNNERS")
OR, IN THE ALTERNATIVE, TO STRIKE COUNT 1 (D), PARAGRAPH 8 AS
SURPLUS AND PREJUDICIAL LANGUAGE AS TO THE THIRD SUPERSEDING
INDICTMENT**

**Introductory Note**

      On December 30, 2025, Defendants, The King Firm (the King Firm) and Jason Giles (Giles) filed a Motion to Dismiss Count 1(D), Paragraph 8, To the Extent It Alleges a Conspiracy to Utilize "Runner") or, In the Alternative, To Strike Count 1(D), Paragraph 8 As Surplus and Prejudicial Language (Rec. Doc. 506). On January 9, 2026, the government presented its _Third Superseding Indictment_, which basically contains the same allegations, but with different counts of the Indictment.

      By order of the Court (Rec. Doc. 560), the Defendants' Motion to Dismiss (Rec. Doc. 506) was denied _without prejudice_, allowing Defendants time to refile. In accordance with the order, Defendants file the instant motion.

Count 1 of the Second Superseding Indictment (with the exception of Count 1 D, Paragraph 8) alleges mail fraud and wire fraud conspiracy: (1) to defraud and to obtain money from <u>insurance companies</u> and <u>commercial vehicle companies</u> by means of materially false representations, (Section of 18 Title 1341), (2) a scheme to defraud and obtain money and properties from <u>insurance companies</u> and <u>commercial vehicle companies</u> by means of false statements and interstate commerce. The phrase "staged accidents" is used dozens of times in the Indictment. But a portion of the Indictment alleges "illegal runners" as an added object to the conspiracy over and above the "staged accidents" object.

The Conspiracy in Count 1 D, Paragraph 8 alleges:

> "In <u>addition to staging collisions</u>, Labeaud and Hickman worked as <u>illegal runners</u> for Giles and the King Firm. <u>As runners</u>, Labeaud and Hickman referred individuals involved in <u>automobile collision</u> to Giles and the King firm for money." (Count 1, Paragraph 8)(Third Superseding Indictment) [Emphasis added.]

To the extent that legitimate accidents are involved and Plaintiffs seek recovery against the tortfeasor and the insurer, there is no factual defrauding of insurance companies or the trucking companies, as the accidents are legitimate. Such plaintiffs are merely seeking representation for their claims. But when the government seeks to extend mail fraud and wire fraud status to the regulation of client procurement by attorneys, Defendants submit such allegations are beyond recognized jurisdiction case law involving federal charges for mail and wire fraud. See <u>Cleveland v. United States</u>, 531 U.S. 12 (2000). Thus, the federal statute cannot be used to regulate client procurement by attorneys – a matter of state jurisdiction.

The Defendants contend the Supreme Court limitations of "money or property" wire fraud exclude the use of the wire fraud statute in connection with non-staged accidents involving runners. See *Kousisis v. United States*, 145 S.Ct. 1382, 1390-91 (2025) and *Cleveland v. United States*, 531

U.S. 12, 15 (2000). "[t]he wire fraud statute…prohibits only deceptive schemes to deprive the victim of money or property…",  not schemes aimed at exercising regulatory power. The "scheme to defraud" and "intent to defraud" must be based on property interests. *United States v. Greenlaw*, 84 F.4th 325, 343-44 (5th Cir. 2023).

Accordingly, the defendants, Jason Giles and The King Firm, move to dismiss the Indictment, to the extent that the government contends the Indictment is a basis for conviction solely for the utilization of "illegal runners" and that portion of the Indictment should be dismissed. Alternatively, the Defendants move to strike Count 1 D, Paragraph 8 as particularly prejudicial and confusing to the jury, as it equates the use of runners in legitimate accidents. with staged accidents, which, by their nature, are aimed at defrauding insurance companies and trucking companies, Defendants move to dismiss the "illegal runners" object of the conspiracy or, alternatively move to strike Count 1 D, Paragraph 8 of the Third Superseding Indictment. See: Fed R. Crim. P. Rule 12(b)(3),  7(c)(1) AND 7(d).

Respectfully Submitted,                    Respectfully Submitted,

*/s/   Richard T. Simmons, Jr.*            */s/   Lynda Van Davis-Greenstone*
**RICHARD T. SIMMONS, JR. (#12089)**       **LYNDA VAN DAVIS-GREENSTONE (#24776)**
**Hailey, McNamara, LLP**                  **Tulane & Broad and Associates, LLC**
3445 North Causeway Blvd., Ste. 800        611 O'Keefe Avenue, Suite C-1
Metairie, Louisiana 70002                  New Orleans, Louisiana 70113
Telephone: (504) 261-6516                  (703) 488-0693
Facsimile: (504) 836-6565                  Lynda@TulaneBroad.com
Email:  rsimmons@hmhlp.com                 *Counsel for Defendant, Jason Giles*
*Counsel for Defendant, The King Firm, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Eastern District of Louisiana by electronic case filing/case management and that a copy of the same was either served on all counsel of record by electronic notification or by U.S. Mail, postage pre-paid.

Metairie, Louisiana this 28th day of January 2026.

                                             */s/ RICHARD T. SIMMONS, JR*
                                             **RICHARD T. SIMMONS, JR.**